LOCKE LORD LLP
MICHAEL F. PERLIS (095992)
mperlis@lockelord.com
CARY J. ECONOMOU (211438)
ceconomou@lockelord.com
F. PHILLIP HOSP (265225)
phosp@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Plaintiff
MOTORCAR PARTS OF AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTORCAR PARTS OF AMERICA, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>FAPL HOLDINGS, INC., ET AL.,<br><br>Defendants. | CASE NO. CV14-01153<br><br>**MPA'S EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATION OF JACK SCHUSTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND** *FORUM NON CONVENIENS*<br><br>Hearing Date: June 19, 2014<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Judge: Hon. George H. Wu<br><br>Complaint Filed: February 13, 2014<br>Trial Date: N/A |

# **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION AND OBJECTIONS ........................................................... 1

II. ARGUMENT .................................................................................................... 6

    A. Declarant's Speculation Concerning MPA, MPA's Motivations, and Economic Benefit or Harm to MPA or Fenwick Is Inadmissible ........................................................................................... 6

    B. Declarant's Statements Concerning the Content of Agreements, Communications, Public Filings and Other Documents Are Inadmissible Under the Best Evidence Rule ............................................ 8

    C. Declarant's Statements and Evidence that Constitute or Are Derived from Hearsay Are Inadmissible ...................................................... 9

    D. Statements Concerning the Legal Impact of Agreements and Other Legal Conclusions Are Inadmissible ............................................ 12

    E. Declarant's Statements and Exhibits that Are Improper Expert Opinion Testimony Are Inadmissible. ...................................................... 13

    F. Declarant's Speculative and Conclusory Statements Are Inadmissible ............................................................................................. 14

III. CONCLUSION ............................................................................................... 15

i

MPA'S EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATION OF JACK SCHUSTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Harris v. J. B. Robinson Jewelers*,
  627 F.3d 235 (6th Cir. 2010)..................................................................................8, 14

*Las Vegas Sands, LLC v. Nehme*,
  632 F.3d 526 (9th Cir. 2011)........................................................................................11

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
  523 F.3d 1051 (9th Cir. 2008) .....................................................................................12

*Reese v. Sprint Nextel Corp.*,
  No. 2:13-cv-03811-ODW(PLAx), 2014 WL 1872120 (C.D. Cal.
  May 9, 2014) ............................................................................................................7, 15

*Servants of the Paraclete, Inc. v. Great Am. Ins.*,
  857 F. Supp. 822 (D.N.M. 1994) ..................................................................................9

*Thornhill Publ'g Co. v. GTE Corp.*,
  594 F.2d 730 (9th Cir. 1979)...................................................................................7, 15

*United States v. Bennett*,
  363 F.3d 947 (9th Cir. 2004).........................................................................................9

**OTHER AUTHORITIES**

C.D. Cal. R. 7-7 ..................................................................................................................6

FED. R. CIV. P. 56(c)(4)......................................................................................................6

FED. R. EVID. 402 ...............................................................................................................6

FED. R. EVID. 404 .............................................................................................................12

FED. R. EVID. 601 .........................................................................................................7, 15

FED. R. EVID. 602 .........................................................................................................7, 15

FED. R. EVID. 701 .........................................................................................................8, 14

ii

MPA'S EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATION OF JACK SCHUSTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

FED. R. EVID. 702 ................................................................................................8, 13, 14

FED. R. EVID. 801 ...............................................................................................................11

FED. R. EVID. 802 ...............................................................................................................11

FED. R. EVID. 803 ...............................................................................................................11

FED. R. EVID. 804 ...............................................................................................................11

FED. R. EVID. 805 ...............................................................................................................11

FED. R. EVID. 901 ...............................................................................................................11

FED. R. EVID. 1002 ...............................................................................................................9

FED. R. EVID. 1003 ...............................................................................................................9

FED. R. EVID. 1004 ...............................................................................................................9

iii

MPA'S EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATION OF JACK SCHUSTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff Motorcar Parts of America, Inc. ("MPA") files its Evidentiary Objections and Motion to Strike Portions of Declaration of Jack Schuster, and respectfully shows as follows:

## I.   INTRODUCTION AND OBJECTIONS

MPA hereby objects under the Federal Rules of Evidence to portions of the Declaration of Jack Schuster (the "Declaration") in support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens*, and moves to strike such portions from the record.  Such evidence is not properly admissible under the Federal Rules of Evidence, as follows:

1. Each sentence in paragraph 9, except for the last sentence in that paragraph, because the declarant lacks personal knowledge about MPA's business and intent, the statements are speculative and conclusory, the witness is not an economist and has failed to establish that he possesses the expertise to opine on the economic impact to MPA from a combination of MPA and Fenwick, and to the extent that the paragraph restates materials from MPA's public filings, the paragraph violates the best evidence rule;

2. All of paragraphs 12 and 13, because the statements are hearsay and not based upon the declarant's personal knowledge, as the statements reveal that declarant's knowledge is based wholly on conversations with Gordon Fenwick and on reviewing third party communications that Gordon Fenwick shared with declarant;

3. Exhibits 2 and 3 to the Declaration, because the witness is not a party to these email communications so cannot lay a proper foundation for them, and because the emails constitute hearsay;

4. The second sentence of paragraph 16, beginning with the phrase "MPA wanted to ensure that Fenco would cease negotiations," because the declarant lacks personal knowledge, and the statement is speculative and conclusory;

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

5. The third and fifth sentences of paragraph 16, beginning with the phrases "[u]nder the Letter Agreement, MPA insisted," and "[t]he Letter Agreement expressly provided," because these statements consist of improper legal conclusions and violate the best evidence rule;

6. The fourth sentence of paragraph 17, beginning with the phrase "[m]y understanding was that one of EY Canada's primary challenges," through the end of paragraph 17, and Exhibits 5, 6, and 7, because the declarant is not an auditor, accountant, CPA, or other expert with specialized knowledge of accounting or GAAP financials, declarant lacks personal knowledge of the audit, accounting firm challenges, and work of the auditing, accounting and tax firms, and declarant cannot lay a proper foundation to authenticate the reports or their contents, or properly testify thereto;

7. The first, second, third, fifth, sixth, seventh, and tenth sentences of paragraph 19, because the declarant fails to establish personal knowledge concerning Mr. Joffe's alleged travel to meet with the Royal Bank of Canada, and because the declarant offers a number of improper legal conclusions concerning two debenture agreements, and violates the best evidence rule by restating or paraphrasing the debenture agreements and their legal import;

8. The fourth and fifth sentences of paragraph 21, because the declarant's own out of court statements to Mr. Joffe are inadmissible hearsay for which no exception applies, because the declarant is not an economist and has failed to establish that he possesses expertise to opine on the economic impact to Fenco of MPA's alleged conduct with regard to funding;

9. The third, tenth, eleventh, and twelfth sentences of paragraph 22, because the declarant offers a number of improper legal conclusions concerning the Purchase Agreement, and violates the best evidence rule by restating or paraphrasing the Purchase Agreement and its legal import;

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

10.     From the third sentence of paragraph 23, beginning with the phrase "[u]nder the Purchase Agreement, FAPL Holdings Inc. and its principals agreed" through the end of paragraph 23, because the declarant offers a number of improper legal conclusions concerning the Purchase Agreement and the Escrow Agreement, and violates the best evidence rule by restating or paraphrasing the Purchase Agreement and the Escrow Agreement, and the legal import of these agreements;

11.     Exhibit 13 to the Declaration, because the witness is not a party to this May 9, 2011 letter from MPA's transfer agent to Stikeman, so cannot lay a proper foundation for how he has personal knowledge or can authenticate this exhibit and the exhibit constitutes hearsay;

12.     The second, third and fifth sentences of paragraph 24, because these statements consist of improper legal conclusions concerning the content and meaning of Employment Amending Agreements, and violate the best evidence rule;

13.     All of paragraph 25 and Exhibits 15 and 16, which all concern alleged resolutions of the Fenwick Board of Directors and sole shareholder, because the declarant lacks personal knowledge as he is not a signatory to any of the resolutions, a part of MPA, or a director of Fenwick, and there is no foundation for the declarant's testimony;

14.     All of paragraph 26, which concerns BDO Canada's audit of financial statements and the alleged signing of the management representation letter by MPA, because the declarant lacks personal knowledge as he is not an auditor, accountant, CPA, or other expert that worked on the audit or year-end financial statements, he fails to lay any foundation for his knowledge of the averments in the paragraph, and his statements concerning why MPA signed the management representation letter are speculative and conclusory;

15.     The phrase "expressly 'without cause,'" in paragraph 28, because this description consists of an improper legal conclusion;

16. The second, third, and fourth sentences of paragraph 29, which describe and restate complaints in MPA's Notice of Direct Claims and purport to testify concerning MPA's knowledge, because the declarant lacks personal knowledge of MPA's knowledge, and the Notice of Direct Claims is the best evidence of its content and the factual and legal arguments set forth therein;

17. The entire paragraph 30 and Exhibit 18, which concern the response of Canadian counsel of the Defendants to MPA's Notice of Direct Claims, because the declarant lacks personal knowledge and cannot authenticate the exhibit as he is not a recipient of the communication, declarant is not an expert in GAAP or whether Fenco's auditors were at all material times satisfied that the financials were in compliance with GAAP, and the statements and letter are hearsay, inadmissible argument of counsel and conclusory rather than factual;

18. The entire paragraph 31 except for the final sentence, which concerns the contents and reason for a termination letter to the declarant dated January 28, 2013, because the declarant speculates why he was terminated for cause and misstates the contents of the termination letter which purported to come from both Fenco and MPA rather than solely MPA as suggested by declarant, and because the paragraph violates the best evidence rule;

19. The third and fourth sentences of paragraph 32 and Exhibit 20, which concern the reasonableness of mediation and the interpretation of certain provisions in the Purchase Agreement, the Escrow Agreement, and the employment agreements, because the declarant lacks personal knowledge and cannot authenticate the exhibit as he is not a recipient of the communication, declarant is not an expert in what is reasonable, and the statements and letter are hearsay, inadmissible argument of counsel, and conclusory rather than factual;

20. The entire paragraph 34 and Exhibit 21, which concern a statement of claim from another matter against MPA and Fenco, because the declarant lacks

personal knowledge as he is not a party to the dispute, the paragraph recounts hearsay of what another individual told the declarant concerning the litigation of the matters, the paragraph and Exhibit 21 improperly attempt to prove a pattern of bad conduct on the part of MPA, and the statements and statement of claim are hearsay, inadmissible argument of counsel, and conclusory rather than factual;

21. The second and third sentences of the first paragraph numbered 35, which state in a conclusory manner that more than a dozen potential relevant witnesses have been identified that permanently reside in Canada, because the statement is conclusory and fails to provide and specific factual statements in support and because the statement is speculative in that purports to identify only *potentially* relevant witnesses; and

22. The entire second paragraph numbered 35 and Exhibit 22, which concerns the nature of the court system in Canada and where the dispute would allegedly be heard in Canada, because declarant is not an attorney or expert witness on the court system in Canada, declarant lacks personal knowledge concerning these matters, declarant testifies concerning statements heard from his attorney concerning the court system in Canada and venue for the dispute, and any testimony concerning where the case would be heard were it to be filed in Canada is purely speculative and not admissible under the Federal Rules of Evidence.

## II.  ARGUMENT

MPA objects and moves to strike each of the above-referenced portions of the Declaration and identified exhibits, because the witness is not competent to testify to the matters stated, and the statements and exhibits identified are not admissible in evidence.

Generally, declarations to support a motion must show that the declarant is competent to testify to the matters stated, must be made on personal knowledge, and must set out facts that would be admissible in evidence. *See* C.D. Cal. R. 7-7 (setting

5

MPA'S EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATION OF JACK SCHUSTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

forth that declarations shall conform as far as possible to the requirements of Rule 56(c)(4) of the Federal Rules of Civil Procedure); FED. R. CIV. P. 56(c)(4) (requirements for a declaration to support or oppose a motion for summary judgment); FED. R. EVID. 402, 601, 602.  Portions of a declaration and exhibits that are not admissible under the Federal Rules of Evidence may be stricken.

**A.   Declarant's Speculation Concerning MPA, MPA's Motivations, and Economic Benefit or Harm to MPA or Fenwick Is Inadmissible.**

The Declaration contains a number of statements where declarant purports to testify concerning MPA, MPA's motivations, and perceived economic benefit or harm to MPA or Fenwick arising out of the business dealings between MPA and Fenwick. For example, in paragraph 9, declarant recites information about the business of Plaintiff MPA, MPA's operations, MPA's infrastructure, MPA's alleged vulnerabilities, and MPA's purported reasoning, including alleged economic benefits, for entering into the business deal with Fenwick.  Other paragraphs that include such improper speculation are paragraphs 16, 19, 21, 26, 29, and 31.

However, declarant fails to establish any facts showing that he has any personal knowledge of MPA's business lines, MPA's business infrastructure, MPA's economic circumstances, or MPA's motivation for the business deal with Fenwick or other conduct.  Declarant was not an officer, director, or employee of MPA.  The declarant provides no other factual statements showing how these conclusory statements are rationally based on personal knowledge.

Evidence that is conclusory, speculative, argumentative, and fails to set forth specific facts within the declarant's personal knowledge in support of the assertions proffered is not admissible.  See FED. R. EVID. 601, 602; *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact); *Reese v. Sprint Nextel Corp.*, No. 2:13-cv-03811-ODW(PLAx), 2014 WL 1872120, at *2 (C.D. Cal. May 9, 2014)

(citing *Thornhill Publ'g Co. v. GTE Corp.* for same). Accordingly, each of declarant's statements concerning these matters is inadmissible because it is speculative, conclusory, and not supported by fact.

Further, because the declarant is not an economist, and has failed to establish that he possesses any other special expertise, education, or training to opine on the economic impact to MPA or Fenwick from a combination of MPA and Fenwick, all of the declarant's statements concerning any purported or perceived economic benefit or harm to MPA or Fenwick as a result of the business combination are improper and inadmissible expert opinion testimony by a lay witness. *See* FED. R. EVID. 701, 702. Such economic testimony is the type that results from a process of reasoning which can only be mastered by experts in the field, and is therefore clearly the province of expert opinion, rather than a proper subject of opinion testimony by a lay witness. *See Harris v. J. B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010) (distinguishing between lay opinion testimony and expert opinion testimony).

Accordingly, the objections should be sustained with regard to such statements in paragraphs 9, 16, 19, 21, 26, 29, and 31, and these sentences should be stricken.

**B. Declarant's Statements Concerning the Content of Agreements, Communications, Public Filings and Other Documents Are Inadmissible Under the Best Evidence Rule.**

On several occasions, Declarant purports to describe, interpret, restate, and paraphrase various portions of purportedly relevant agreements, communications, public filings and other documents. Paragraphs 9, 12, 13, 16, 17, 19, 22, 23, 24, 25, 26, 29, 30, 31, 32, 34, and second paragraph 35 contain such statements. In paragraph 31, concerning the declarant's termination letter, the description of the letter in that paragraph is deliberately misleading in that it suggests that the declarant's termination letter was sent by MPA. In fact, Exhibit 19, the termination letter, is on Fenco letterhead and purports to serve as notice that "Fenwick Automotive Products, Ltd."

7

MPA'S EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATION OF JACK SCHUSTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

terminated the employment agreement of the declarant. (Decl., Ex. 19, at p. 1.) All such purported restatements and paraphrasings of the contents of documents should be stricken as they violate the best evidence rule.

The Federal Rules of Evidence set forth the circumstances under which evidence of the content of a writing, apart from the original or a true copy of the original, may be admitted. *See* FED. R. EVID. 1002-1004; *United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004); *Servants of the Paraclete, Inc. v. Great Am. Ins.*, 857 F. Supp. 822, 828 (D.N.M. 1994) (discussing showing of loss or destruction of original documents and lack of bad faith required to introduce secondary evidence of contents of original document). Generally, the loss or destruction of the original writing is a threshold requirement to admit such secondary evidence. *See Servants of the Paraclete*, 857 F. Supp. at 828.

The Declaration fails to establish this threshold matter or any other basis to introduce secondary evidence of the content of any of the public filings, agreements, communications, or other documents. *See* FED. R. EVID. 1002-1004. Declarant also fails to lay a foundation or establish that he has any independent personal knowledge of the contents of the writings at issue apart from what is stated in the documents themselves. Therefore, the declarant has failed to establish any basis to introduce secondary evidence of the content of any of these documents. Instead, these documents speak for themselves and are the best evidence of their content.

Accordingly, these objections under the best evidence rule should be sustained with respect to paragraphs 9, 12, 13, 16, 17, 19, 22, 23, 24, 25, 26, 29, 30, 31, 32, 34, and second paragraph 35, and any statements of declarant concerning the contents of these documents should be stricken.

**C.     Declarant's Statements and Evidence that Constitute or Are Derived from Hearsay Are Inadmissible.**

Declarant also makes a number of statements for which he appears to have no personal knowledge, but which instead constitute or are derived from what the declarant has received from or been told by other sources. For example, in paragraphs 12 and 13, the declarant testifies concerning conversations and email communications occurring between MPA and Gordon Fenwick. Declarant was not a party to the communications or conversations of which he testifies, but instead admits that he heard about these communications and conversations second-hand through Gordon Fenwick. Other paragraphs where information comprises or was derived from hearsay include paragraphs 17 (concerning the work and papers of Ernst & Young Canada related to the financial condition of Fenco), 19 (concerning Mr. Joffe's conduct and negotiations with the Royal Bank of Canada, without any foundation showing declarant's personal knowledge); 21 (concerning the declarant's own statements in an out of court conversation between declarant and Mr. Joffe); 23 (concerning a communication between MPA's transfer agent to Stikeman, to which declarant is not a party); 25 (concerning resolutions of Fenco's Board of Directors and MPA, where the declarant is not a member of the board); 26 (concerning MPA dealing directly with BDO Canada to finalize Fenco's year-end financial statements); 30 (concerning counsel's response to MPA's Notice of Direct Claims); 32 (concerning counsel's letter to MPA's counsel concerning scheduling mediation and its location); 34 (concerning a wholly unrelated dispute against MPA and what declarant learned from a plaintiff in that dispute); and second paragraph 35 (concerning advice and conversations declarant had with his attorney about the Canadian dispute resolution system and jurisdiction). Declarant offers all of this evidence for the truth of the matter asserted.

Declarant also purports to prove up and authenticate written communications and documents to which declarant was not a participant or recipient, such as Exhibits 2, 3, 13, 15, 16, 18, 20, 21, and 22. In such instances, Declarant fails to lay any foundation for his purported personal knowledge of such documents. As a result, the declarant cannot authenticate them. Pursuant to Rule 901 of the Federal Rules of Evidence, a proponent of evidence must produce evidence sufficient to support a finding that the item is what the proponent claims it is. *See* FED. R. EVID. 901(a). One method of doing so is through testimony of a witness with *personal* knowledge. *See* FED. R. EVID. 901(b)(1); *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011). As described by the Ninth Circuit, a document authenticated through personal knowledge means that it is proffered by a competent witness who "wrote the document, signed it, used it, or saw others do so." *Las Vegas Sands, LLC*, 632 F.3d at 533. The Declaration fails to establish any of these matters with regard to these exhibits.

These statements and exhibits consist of hearsay and hearsay within hearsay to which no exception applies. *See* FED. R. EVID. 801, 802. They are comprised of out of court statements offered to prove the truth of the matter asserted, as declarant relies on the truth of the content of such statements. *See* FED. R. EVID. 801(c). None of the statements or exhibits at issue fall within any exception to the rule against hearsay. *See* FED. R. EVID. 803, 804, 805.

Accordingly, the objections should be sustained with respect to paragraphs 12, 13, 17, 19, 21, 23, 25, 26, 30, 32, 34, and second paragraph 35, and Exhibits 2, 3, 13, 15, 16, 18, 20, 21, and 22, and these statements and exhibits should be stricken.

**D.     Statements Concerning the Legal Impact of Agreements and Other Legal Conclusions Are Inadmissible.**

Declarant makes several statements purporting to describe the content and legal effect of various agreements, including a Letter Agreement, an August 2010

Debenture Agreement, a December 2010 Debenture Agreement, a Purchase Agreement, an Escrow Agreement, and Employment Amending Agreements, as set forth in paragraphs 16, 19, 22, 23, and 24.  For example, in paragraph 16, the declarant purports to testify concerning what law governs the Letter Agreement.

Declarant also purports to testify to certain legal conclusions in paragraphs 28, 30, 31, 32, 34, and second paragraph 35, and Exhibits 18 and 20, concerning matters such as whether his termination was for cause, what times were "material" under the law, what location is "reasonable" and "unreasonable" for mediation, reiterating legal arguments made by counsel in response to MPA's claims against Defendants, concerning MPA's alleged wrongful termination of certain individuals, and concerning issues of Canadian venue and jurisdiction.  Declarant also includes Exhibit 21, a copy of a Statement of Claim against MPA in another case concerning claims of alleged wrongful termination.  This also appears to be an attempt to improperly attack MPA on the basis of other alleged wrongs in violation of Rule 404 of the Federal Rules of Evidence.

The declarant is not an attorney.  And even if he were, declarant is not competent to testify to the *legal* effect or impact of any of these agreements, or to any legal conclusion.  Even an expert witness cannot give an opinion as to an ultimate issue of law.  *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).  Rather, expert opinion evidence is to assist the trier of fact to understand the *evidence* or determine a *fact* in issue.  *See* FED. R. EVID. 702.  Further, instructing the fact-finder on the applicable law is "the distinct and exclusive province of the court."  *Id*. (citations and quotation marks omitted).  Accordingly, the portions of the Declaration in paragraphs 16, 19, 22, 23, 24, 28, 30, 31, 32, 34, and second paragraph 35, and Exhibits 18, 20, and 21, which purport to interpret the legal impact of the agreements or that otherwise draw legal conclusions, should be stricken because they constitute legal conclusions and invade the province of the court.

**E.     Declarant's Statements and Exhibits that Are Improper Expert Opinion Testimony Are Inadmissible.**

The Declaration contains a number of statements and exhibits where declarant purports to testify concerning GAAP and the financial statements of Fenco, or where the declarant attempts to authenticate such documents. For example, in paragraph 17, declarant makes several statements concerning the work of Ernst & Young Canada, concerning whether Fenco's financial statements were prepared in accordance with Canadian GAAP or US GAAP, and concerning whether financial statements of Fenco presented fairly in all material respects the financial position of the company. Declarant also attempts to authenticate auditor's reports to Fenco's combined financial statements for various years, even though the declarant did not prepare such financial statements, nor even testify that he had received or analyzed such financial statements. (*See* Decl., Exs. 5-7.)

The Declaration fails to establish any facts showing that the witness has any personal knowledge or expertise concerning these matters. Declarant has also failed to establish that he possesses any other special expertise, education, or training to opine on GAAP or the financial statements of any entity. The declarant provides no other factual statements showing how these conclusory statements are rationally based on personal knowledge.

Accordingly, all of the declarant's opinion statements concerning GAAP, the audited financials, challenges with regard to the work of Ernst & Young Canada, and whether the audited financials present the financial position of the company fairly are improper and inadmissible expert opinion testimony by a lay witness. *See* FED. R. EVID. 701, 702. Such testimony is the type that results from a process of reasoning which can only be mastered by experts in the field, and is therefore the province of expert opinion, rather than a proper subject of opinion testimony by a lay witness. *See J. B. Robinson Jewelers*, 627 F.3d at 240.

Accordingly, the objections should be sustained with regard to such statements in paragraphs 17 and 30, and Exhibits 5-7, and 18, and these sentences and exhibits should be stricken.

## F. Declarant's Speculative and Conclusory Statements Are Inadmissible.

In the first of two paragraphs with the number 35 in the Declaration, declarant asserts in a conclusory fashion that "[t]o properly defend ourselves, we have already identified more than a dozen potential witnesses involved in the preparation of the financial statements at issue," and the declarant's "understanding" that all of these witnesses reside permanently in Canada.

Declarant fails to establish any facts showing who the "we" is to whom he refers, how he has any personal knowledge of the identity of such witnesses or where such witnesses permanently reside, the names of such witnesses, or any other factual statements in support that indicate the reliability of this conclusory statement. The declarant provides no factual statement at all showing how this conclusory statements is rationally based on his own personal knowledge, rather than work done by his attorney or someone else. Moreover, because the witnesses are only potential, this statement is speculative as none of the purported "potential" witnesses may ultimately be actual witnesses in the case.

Evidence that is conclusory, speculative, argumentative, and fails to set forth specific facts within the declarant's personal knowledge in support of the assertions proffered is not admissible. *See* Fed. R. Evid. 601, 602; *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact); *Reese v. Sprint Nextel Corp.*, No. 2:13-cv-03811-ODW(PLAx), 2014 WL 1872120, at *2 (C.D. Cal. May 9, 2014) (citing *Thornhill Publ'g Co. v. GTE Corp.* for same).

Accordingly, declarant's statement concerning these matters in the first paragraph 35 is inadmissible because it is conclusory and not supported by fact.

**III. CONCLUSION**

For the reasons set forth above, MPA respectfully requests that this Court issue an Order sustaining MPA's objections and striking from the Declaration and evidence the referenced portions of paragraphs 9, 12, 13, 16, 17, 19, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 34, 35 (first paragraph), and 35 (second paragraph), and Exhibits 2, 3, 13, 15, 16, 18, 20, 21, and 22 to the Declaration, or at a minimum, disregarding such statements and exhibits in the ruling on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens*.

Dated: May 15, 2014                         LOCKE LORD LLP


                                            By: /s/ Michael F. Perlis
                                            Michael F. Perlis
                                            Cary J. Economou
                                            F. Phillip Hosp

                                            Attorneys for Plaintiff
                                            MOTORCAR PARTS OF AMERICA, INC.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a document entitled MPA'S EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATION OF JACK SCHUSTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND *FORUM NON CONVENIENS* with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on May 15, 2014. Participants in the case who are registered for electronic service will be served by the CM/ECF system, and any participants in the case who are not registered for electronic service will be personally served pursuant to Federal Rule of Civil Procedure Rule 5 and any applicable standing orders.

Dated: May 15, 2014

Respectfully submitted,

LOCKE LORD LLP


By: /s/ Michael F. Perlis
Michael F. Perlis
Cary J. Economou
F. Phillip Hosp

*Attorneys for Plaintiff MOTORCAR PARTS OF AMERICA, INC.*

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

15
MPA'S EVIDENTIARY OBJECTIONS AND MOTION TO STRIKE PORTIONS OF DECLARATION OF JACK SCHUSTER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS