|   |   |
|---|---|
| 1 | SETH ARONSON (S.B. #100153) |
| 2 | saronson@omm.com |
|   | WILLIAM K. PAO (S.B. #252637) |
| 3 | wpao@omm.com |
|   | SARAH K. HALL (S.B. #274327) |
| 4 | shall@omm.com |
| 5 | MICHELLE C. LEU (S.B. #285437) |
|   | mleu@omm.com |
| 6 | O'MELVENY & MYERS LLP |
|   | 400 South Hope Street |
| 7 | Los Angeles, CA  90071-2899 |
|   | Telephone:  (213) 430-6000 |
| 8 | Facsimile:   (213) 430-6407 |
| 9 |   |
|   | Attorneys for Defendants |
| 10 | FAPL HOLDINGS INC., JACK |
|   | SHUSTER, GORDON FENWICK, |
| 11 | PAUL FENWICK, and JOEL FENWICK |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MOTORCAR PARTS OF AMERICA, INC., a New York corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FAPL HOLDINGS INC., a Canadian corporation, JACK SHUSTER, an individual, GORDON FENWICK, an individual, PAUL FENWICK, an individual, and JOEL FENWICK, an individual,<br><br>    Defendants. | Case No. CV14-01153<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF MOTORCAR PARTS OF AMERICA, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Hearing Date:  July 10, 2014<br>Judge:  Hon. George H. Wu<br><br>Complaint Filed:  February 13, 2014<br>Trial Date:  N/A |

1   On August 1, 2014, Plaintiff Motorcar Parts of America, Inc. ("MPA") filed a Notice of Supplemental Authority, citing a recent order in *Bristol-Myers Squibb Co. v. Superior Court*. *Bristol-Myers* is a non-binding state-court opinion decided on "unique facts" not present here. (*See* D.E. 34-1.)

*Bristol-Myers* reaffirms what Defendants have argued all along: there is no general jurisdiction where a non-resident defendant has neither its place of incorporation nor its principal place of business in California. (*Id.* at 16–17.) As for specific jurisdiction, the narrow question at issue in *Bristol-Myers* was whether plaintiffs' claims "arise out of or relate to" defendant's contacts with California. (*Id.* at 19–33.) In *Bristol-Myers*, defendant BMS had "conceded that [its] contacts with California satisfy the minimum contacts requirement for specific jurisdiction." (*Id.* at 30.) After all, BMS sold more than a billion dollars of drugs to Californians, maintained five offices and facilities in California, and employed hundreds of Californian employees and sales representatives. (*Id.*)

Far from conceding "minimum contacts," Defendants here have shown that "minimum contacts" are absent because the individuals made only a handful of visits to California, while Fenco's limited presence in California consisted solely of two third-party warehouses that generated less than 0.5% of its overall annual sales. (*See* D.E. 14-1 at 1–2, 15–17.) To the contrary, this case concerns a Canadian company pursued, appraised, and purchased in Canada; key issues are governed by Canadian law; evidence and witnesses are almost all outside of California; critical third-party witnesses, including the Canadian auditors who audited the financial statements at issue, are beyond this Court's subpoena power; and litigating in California would be extremely burdensome for Defendants, all of whom reside in Canada. (*See* D.E. 14-1 at 17–21; D.E. 29 at 5–9.) Finally, *Bristol-Myers* does not address the doctrine of *forum non conveniens*, which alone justifies dismissal even if this Court were to find personal jurisdiction.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 4, 2014 | O'MELVENY & MYERS LLP |
| 3 | | |
| 4 | | By: /s/ Seth Aronson<br>      Seth Aronson |
| 5 | | Attorney for Defendants<br>FAPL HOLDINGS INC., JACK SHUSTER, GORDON FENWICK, PAUL FENWICK, and JOEL FENWICK |